UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MARY FAY,** | : | |
| Plaintiff, | : | 3:16-cv-01291 (VAB) |
| v. | : | |
| **VOYA FINANCIAL, INC.,** | : | |
| Defendant. | : | January 18, 2017 |

### ORDER REQUIRING DISCLOSURE OF TWO EMPLOYMENT CONTRACTS

Plaintiff, Mary Fay, brings this action against her former employer, ING USA Annuity and Life Insurance Company ("ING"), which became a subsidiary of Defendant Voya Financial Inc. ("Voya") in May 2013. Compl. ¶¶ 1-4. Ms. Fay argues that ING terminated her in retaliation for her "strongly expressed opposition" to a request that she manipulate the projected periodic Returns on Equity ("ROE") calculations for one of ING's products new annuity products. *Id.* at ¶¶ 34, 140. She brings her claims under the Dodd-Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. § 78u-6; the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A; and Connecticut's free speech anti-retaliation statute, Conn. Gen. Stat. § 31-51q.

On January 11, 2017, Ms. Fay moved for an Order requiring her to produce two employment contracts which are allegedly relevant to her damages in this litigation. See Consent Motion for Order, ECF No. 21. Defendant consents to her motion. *Id.* The parties argue that the two employment contracts are relevant to determining Ms. Fay's economic damages and necessary for conducting a damages analysis, currently due on February 3, 2017. *See* Scheduling Order, ECF No.

18.  Each employment contract contains a confidentiality clause prohibiting disclosure to a third party except to the extent required by law.  *See* Motion for Order, 1.

Rule 26 of the Federal Rules of Civil Procedure allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  Moreover, "[a] party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them." Fed. R. Civ. P. 26(b)(1), advisory committee's note to 2015 amendment.  In this case, both parties agree that the request is important to determine the issue of Plaintiffs' damages, *see* Motion for Order, and therefore have conceded that this issue "is relevant to any party's claim or defense and proportional to the needs of the case" for purposes of Rule 26.  The Court agrees.  In employment cases like this one, evidence of a plaintiff's subsequent employment contracts is generally relevant to the litigation.  *Cf. Altman v. New Rochelle Pub. Sch. Dist.*, No. 13 CIV. 3253 (NSR), 2017 WL 66326, 2017 U.S. Dist. LEXIS 2515, at *18 (S.D.N.Y. Jan. 6, 2017) (observing, in employment discrimination case, that "evidence would be relevant and potentially admissible [if] it supports the District's reasoning for terminating Plaintiff, rebuts Plaintiff's allegations of discrimination, undermines Plaintiff's credibility, or limits the damages available to Plaintiff"); *Knight v. State Univ. of N.Y. at Stony Brook*, No. 13-CV-0481(JS)(GRB), 2016 WL 7046765, 2016 U.S. Dist. LEXIS 166835 at *1 (E.D.N.Y. Dec. 2, 2016) (acknowledging that issue of Plaintiff's prior and subsequent work experience might be relevant to the damages determination).

For this reason, the parties' consent motion for order requiring disclosure of Ms. Fay's contracts with her two subsequent employers is GRANTED.  These documents are to be treated as "confidential" under the Court's Standing Protective order.  *See* Standing Protective Order, ECF No. 7.

SO ORDERED at Bridgeport, Connecticut this 18thday of January, 2017.

/s/ Victor A. Bolden_____

VICTOR A. BOLDEN

UNITED STATES DISTRICT JUDGE